Q'hjef Jpstice Roberiison,
delivered-, tile Opinion,, of the Court.
Chare sued- Snowden and others, owners of the steam, boat Union, as nonrresidents, for the purpose of attaching, the boat, for the amount of a note alleged to be due to him from the owners, and purporting to have been given by Snowden for himself and them — and for the amount also, of an account against them.
A demurrer to the bill was overruled by the Court, and a jury was empannelled to ascertain the amount due; and, on- their verdict, a .decree was rendered for the amount of the note- and the account, and for a sale of the-- boat.
The- bill does not allege, that the- owners were not then within this Commonwealth; and the fact, that they were non-residents of this state, did not necessarily imply, that they were not then commomnb here, or were then absent from, this Commonwealth.
N.or could the allegation, that they were “not within the jurisdiction, of the Jefferson. Circuit Court,” authorize *565 the inference that none of them were any where- in-this state. As the statute, under which the proceeding was instituted, authorized it only in the event that the debtors were, when the bill was filed, absent from this state, the Circuit Court ought to have sustained the demurrer — unless the term “non-reddent” should be construed as importing, prima facie, absence from 'this state. This point, however, need not be now decided, because the decree must be reversed on another ground, and, to avoid any difficulty, the bill may be amended.
The chancellor may have an issue tried by a. jury, and his order may permit oral testimony to. be adduced before them; but, regularly, all the-evidence should, be in the record-In this case,there was ,no allegation in the bill, to authorize extraneous proqf before the jury,, of a fact necessary to sustain the decree,, and no such proof in the record: decree, therefore, reversed.
The note purports, according to its legal effect, to be the obligation of Snowden alone; — and during the enquiry before the jury, the counsel for the plaintiffs in error moved the Court to instruct the jury to that effect; but the motion was overruled: and this is assigned for error.
In this respect the Circuit Court erred. The bill contained no allegation which could have authorized extraneous proof, tending to shbw that, in law or equity, the amount of the note was the debt of all the owners of the boat; and, although a jury, empannelled by a Chancellor to ascertain litigated facts, may, if permitted by the order of the Court, hear pertinent and admissible oral testimony; yet, in a chancery suit, the facts and proofs on which a verdict is founded, ought regularhj to be placed on the record of the suit. This record shows no such proof.
And we will not, in this case, presume that, had the allegations of the bill even authorized proof of extraneous facts, any such proof was made.
The presumption from the whole case, is, that the facts in the record furnished the only evidence which the jury heard.
Other errors have been relied on, in argument; but, as the assignment of error does not embrace any other error for which the decree should be reversed, no other will be noticed by this Court.
Decree reversed, and cause remanded..