Judge Marshall

delivered the Opinion of the Court.
On the 17th of April, 1839, J. F. Clark filed his bill in the Louisville Chancery Court, alleging, in effect, that Robert Arnold, who is made a defendant, owes him one thousand dollars, by note assigned to the complainant and due; that said “Arnold is a non-resident, he is a citizen of New Orleans,” and that funds of his, exceeding the debt, are in the hands of Leander Clark, in Louisville &c. and making Clark a defendant, prays, in the usual way, the appropriation of these funds to the satisfaction of his demand.
On the day the bill was filed, a subpoena issued against both defendants, with an endorsement by the complainant’s counsel, stating the object of the suit and warning L. Clark to retain, of Arnold’s funds in his hands, enough to satisfy the debt. The return on this subpoena is “executed on L. Clark, April 17th, 1839. Robert Arnold not found.”
On the 23d of April, before the day mentioned in the subpœna for the appearance of the defendant, Arnold appeared in the Court of Chancery, and demurred to the bill, for want of equity, and because it does not appear from any thing therein alleged, but that the complainant *306 had full and ample remedy at law. And the Chancellor, being of opinion that the allegation "Arnold is a nonresident, he is a citizen of New Orleans,” did not amount to an averment that "he was not then within the State of Kentucky, but absent from this Commonwealth,” and being also of opinion that this latter averment in substance was necessary, sustained the demurrer and dismissed the bill. From which decree the complainant has appealed.
Dem’r sustained, on the ground that the allegation of the bill, that the debtor is a non-resident, is not a sufficient allegation that he is absent from the state.
In a proceeding, under the act of 1796, to subject debts or effects in this state, to the payment of a debt of a def't, out of the state—the bill must allege thatthe debtor is absent from the state. Query, whether an allegation that he is a non-resident may be deemed equivalent.
It is certainly true that, if this case stood alone upon the statute of 1796, relating to proceedings against absent defendants, it would be necessary that the bill should show, in some form, that the defendant Arnold was absent, or out of this state at the time of filing it. And the only question would be, whether, in a proceeding under that statute, the allegation that he “is a non-resident” should be considered as importing pima facie that he was then absent from the state, and as therefore amounting to an averment of that fact.
This question is stated in the case of Bentley vs Clark, 3 Dana, 565, but not decided because the case was re. versed on another point; and an amendment of the bill was recommended to avoid difficulty as to this question.
Upon referring to the statute of 1796, and the subsequent statutes which were enacted upon the same subject for many years, we find nothing in their language which warrants the conclusion that the Legislature intended, by the term "absent defendants,” which is uniformly .used in those statutes, to designate any other than such as were actually absent from the state at the filing of the bill; and although those statutes (in which the term “non-resident defendants” is never used) can furnish no ground for deciding that the allegation of non-residency should or might be understood as importing the absence from the state which they require: yet, when looking out of the statutes themselves, to the practice under them, we see the Courts of Chancery uniformly content with proof of mere ‘non-residence,’ as sufficient to authorize the order of publication against absent defendants, and see the orders of publication uniformly stating the proof of non-residence alone, as the ground of proceeding by that species of notice to the party. It might not be unreasonable to *307 infer that, if the proceeding was understood to apply exclusively to non-resident defendants, who were actually absent at the time, the term ‘non-resident/ and the proof of ‘non-residence,’were understood as importing prima facie the fact of absence at the time. The language of the later acts upon the subject seem to comport with this inference. The fourth section of the act of 1823, relating to the Court of Appeals {Stat. Law, 98,) enacts that orders of publication against non-resident defendants in said Court, may be inserted in any authorized newspaper, dropping for the first time, so far as we have observed, the term ‘absent defendants.’ And, which is more material, the act of 1827, entitled “an,act to amend the law, in relation to absent defendants,” (Stat. Law, 98,) in extending to lands the remedy by chancery attachments, which had before been confined to the effects and debts of absent defendants, gives the remedy to any creditor of a non-resident owner of lands; and in prescribing the mode oi proceeding m such-case, speaks or the owner of the land as the ‘non-resident owner or defendant,’ omitting entirely the use of the term absent defendant, or absent owner, and using no term which indicates his absence from the state, as a fact essential to the case provided for, unless it be the term ‘non-resident.’ Whence it follows, either that his absence at the time of filing the bill, as authorized by the act, was not deemed essential to the remedy, or that the term ‘non-resident’ was considered and used as importing and carrying with it the idea of absence from the state.
Defts in the court of Appeals, who might be summoned by advertisement, are styled “non residents” in the act of 1823.
The act of 1837, “to amend the law in relation to absent defts.”— by which, until then, debts & effects only, could be attached by bill chancery- gives the remedy to any creditor of a nonresident owner of lands; and does not contain the term absent deft. as descriptive of the person whose lands may be subjected.
The act of 1837, which supersedes the previous laws under which the property of persons out of the state might be attached, and subjected to the payment of their debts—gives the remedy against both lands and goods— of 2 classes of debtors, viz. non-residents of this state, and persons absent from the state, or absent defendants, who have left the State to avoid the service of process, or have been so long absent, that one term of the Circuit Court for the county in which the absent defendant usually resides, has passed since he left the state; which fact must be stated in the bill; but this statement is not required where the defendant debtor is a non-resident. And query—whether the act does not give this remedy against all non-residents, whether absent at the time of filing the bill or not. But—
Now, if it be conceded that, upon a comparison of this act with that of 1796 and others intervening on the same subject, the Legislature must be understood to have used the words non-resident in the act of 1827, as denoting, not non-residence simply, but absence also; then this legislative use of the word for such a purpose, and with such a meaning, would seem to afford some sanction to a similar use of it, and to give some authority for a simi *308 lar exposition of it, in a bill afterwards brought, even under the statute of 1796.
But how this might be in the case supposed, it is not necessary to decide; for the present case does not stand Upon the statute of 1796, but upon that of 1837, (Sess. Acts, 1836-'7, 103,) which completely substitutes both of these statutes, and which, although it does not, like that of 1827, omit entirely the use of the term 'absent defendant,’ evidently describes two classes of debtors, against each of whom it gives remedy for attaching both lands and goods. One of these classes it describes simply by the term non-residents of the state; the other it describes as absent from the state, or as absent defendants. It confines the latter appellation to those persons only who have left the state to avoid process, or have beenout of the state so long that one term of the Circuit Court of the county where they usually reside, has intervened &c. And it requires these facts to be alleged and sworn to, in order to make the remedy available against ‘any absent defendant,’ showing clearly, however, by the contest that this requisition extends not to the class of nonresident defendants, but only to the class of absent defendants, or as they may be called for distinction, absent residents; and manifesting throughout, that it uses the term non-resident defendants, as applicable to a class of persons distinct from those whom it designates by the term absent defendants.
It is contended on the part of the appellant that the statute of 1827, and especially that of 1837, which makes so peculiar a distinction between non-resident and absent defendants, should be understood as giving the remedy of attachment in Chancery, against non-resident debtors without regard to the' fact of their presence within, or absence from, the state at the very moment of filing the bill. And it may be true, that the Legislature intended to relieve the remedy from some of the inconveniences to which, under s, strict construction of the act of 1796, it might have been found subject from the fact, in some instances unknown to the complainant, or unavailable to him when he- filed his bill, that the defendant alleged to, be absent from the state, was in truth somewhere within *309 it at that time, or it may have intended to give the remedy unconditionally against all non-residents, whether absent or present.
Whatever construction may be put upon the term non-resident, as used in the statute (of 1837, providing for the attachment of non-residents’ lands, goods & effects,) the same construction should be put upon the same term when used in a bill in chancery, filed under that statute; and therefore, an allegation that, the principal debtor is a non-resident, is sufficient to give the court jurisdiction; and a demurrer cannot be sustained for the want of an allegation that the deft is absent from the state.
Query, what effect the fact, that, the non-resident was within the jurisdiction when, the bill was filed, sho’d have when, shown by answer or plea, & proof.
But without deciding this point, we are of opinion, that, in whatever sense the word ‘non-resident’ is' used in the statute (of 1837,) whether as indicating a person who resides out of the state, though he may be actually within it at the time, or as indicating not only non-residence but absence also ; in the same sense should it be understood in a bill filed under the statute. And that when the bill uses the same words in describing the case presented for relief, which the statute uses in describing the case to which it extends relief; the case described in the bill, should be understood to be the same as that provided for in the statute. This conclusion stands upon ground strengthened by the repeated use of the word non-resident in the statutes, as descriptive of the defendant in the case to which this remedy is applied.
The allegation of non-residence, without more special averment, being then, in bur opinion, sufficient to bring the case within the statute — the question, what effect the presence of the non-resident defendant within the state, at the time of filing the bill, or his amenability,- at that time, to common law process' on the use of reasonable diligence by the complainant, might or should have upon the question of jurisdiction, can only be presented by proper denial of the bill, or by allegation and proof of the fact relied on.
The sole question on the demurrer, as we understand it, and as the Chancellor has argued and decided it, is whether the bill makes out a case in which the Chancellor has jurisdiction. Upon this question, neither the return of the Marshal, nor the appearance of' the defendant, can have any influence, and none was given to either.
The view which we have taken of the case as presented, leads us to the conclusion that, as under any construction of the term ‘non-resident,’ as used in the act of 1837, the case, as to that point, is sufficiently described by the use of the same term in the bill, and that, consequently, the demurrer in this case should not have been sustained,
*310 Wherefore, the decree is reversed, and the cause remanded with directions to overrule the demurrer to the bill, and for further proceedings.